UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KAREN JACOBS,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>FORT WAYNE BALLROOM COMPANY, INC.<br><br>    Defendant/Counterclaimant. | CAUSE NO.: 1:24-CV-226-HAB |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion To Approve Settlement [ECF No. 23], for the Court's approval of the Settlement Agreement [Settlement Agreement, ECF No. 24] between Plaintiff Karen Jacobs and Defendant Fort Wayne Ballroom Company in this action under the Fair Labor Standards Act (FLSA) and Indiana statutes. The parties filed the Settlement Agreement under seal without seeking leave of court to do so. *See* N.D. Ind. L.R 5-3 and CM/ECF User Manual. Rule 5-3(c). For the reasons stated in this Order, the Court approves the settlement but will direct the Clerk to unseal the Settlement Agreement in ECF No. 24.

**ANALYSIS**

FLSA collective action settlement agreements require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that "stipulated settlements in a FLSA case must be approved by the Court") (citation and quotation omitted). Although this matter has not been certified as a collective action, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a

settlement of a FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Plaintiff worked for the Defendant from September 2013 through May 23, 2023, and alleges that she was not properly paid for additional tasks she performed while in the Defendant's employ in violation of the requirements of the FLSA and the Indiana Wage Claim Act. Plaintiff further alleges that Defendant's failure to pay was willful. Defendant filed a counterclaim alleging that Plaintiff solicited or diverted customers and clients away from Defendant's business and breached her fiduciary duty to the Defendant. The case is in its infancy and has not proceeded through discovery.

The parties, after an arms-length negotiation, elected to resolve the case to avoid additional cost and time involved in litigating liability and damages and to avoid the risks for both parties associated with continued litigation. As settlement of Plaintiff's claim, Defendant has agreed to

pay $4,000.00 in settlement to the Plaintiff with $1,600.00 of this amount designated for Plaintiff's attorney fees and costs.

Examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable and does not represent a mere waiver of statutory rights brought about by an employer's overreaching. Litigating this case to its conclusion on the merits would likely entail considerable time and expense. The value of an immediate recovery outweighs the mere possibility of additional relief that might be obtained after litigating the matter further at the trial court level. The parties are represented by competent and experienced counsel, who have fully examined the claims in this case. Accordingly, the Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

Although the Court approves the Settlement Agreement, the Court also finds that the filing of the Settlement Agreement under seal was improper. First, as noted, the parties failed to comply with this Court's local rules by failing to seek leave to file the document under seal. Second, FLSA settlements are presumptively public. Indeed, "[s]ecrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Grp. AG v. Flex–N–Gate Corp.,* 740 F.3d 411, 419 (7th Cir. 2014). Generally, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010); *see Goesel v. Boley Int'l (H.K.) Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013) ("[T]he presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.") (quoting *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 548 (7th Cir. 2002)).

Where judicial approval of the terms of a settlement agreement is required, as in FLSA cases, the "presumption of a right of public access to court documents should apply." *Goesel,* 738 F.3d at 834; *accord Jessup v. Luther,* 277 F.3d 926, 929 (7th Cir.2002) ("The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to."). Court approved FLSA settlements are presumptively public documents. *See, e.g., Bouzzi v. F & J Pine Rest., LLC,* 841 F. Supp. 2d 635, 639 (E.D.N.Y.2012) ("Where ... the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches."). Thus, absent a compelling reason to seal the Settlement Agreement, which the parties failed to proffer, the Clerk will be directed to unseal the Settlement Agreement. *See GEA Group AG,* 740 F.3d at 420 (noting that the presumption can be overridden—at least "arguably"— "in some cases involving settlement agreements").

## CONCLUSION

For the reasons stated above, the Court approves the parties' Settlement Agreement [ECF No. 24] and the CLERK is DIRECTED to UNSEAL the document. The Joint Motion to Approve the Settlement [ECF No. 23] is GRANTED. Upon full payment of the settlement amount, the parties shall file with the Court a stipulation of dismissal with prejudice.

SO ORDERED on January 14, 2025.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT